**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 3:05CV-79-H**

**ROBERT CHRISTOPHER KETTENBURG**                                 **PLAINTIFF**

**v.**

**UNIVERSITY OF LOUISVILLE**                                           **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff filed a *pro se* complaint alleging a violation of 17 U.S.C. § 106A (DN 1). Because the plaintiff is proceeding *in forma pauperis* (DN 5), the Court must *sua sponte* screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

The plaintiff brings this suit against the University of Louisville for its alleged violation of "Title 17 of the U.S. Code, Chapter 1, Section 106A – Rights of Certain Authors to Attribution and Integrity." He claims,

> My very first semester of school at the University of Louisville, I wrote what I consider to be the best thing I've ever written, for a Creative Writing class (ENGL201) taught by Nancy Taylor in the Spring of 1988. Everybody in the class thought it was fantastic and encouraged me to have my short story published. I wrote a second half to the story and submitted it to the teacher as part of my final exam. A few years go by and I realize that there's this movie out called "One True Love" starring Terry Farrell (from Star Trek: Deep Space Nine) and David Hasslehoff (from Baywatch and Night Rider), the storyline of which, reads almost word for word from the story I submitted to my creative writing teacher in the Spring of 1988.

The plaintiff asserts, "The University of Louisville's English Department obviously submitted this story to someone in Hollywood and made a movie out of it without giving me, the author, any credit. . . [in] direct violation of Title 17 of the U.S. Code, Chapter 1, Section 106A(a)(1)A)." He thus seeks "$500,000.00 for stealing his story, making a movie out of it, and giving him **ZERO CREDIT**."

## II.  LEGAL STANDARD

Because the plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

This Court, however, is not required to create a claim for the plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by

Case 3:05-cv-00079-JGH  Document 8  Filed 06/17/05  Page 3 of 4 PageID #: 16

lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. ANALYSIS

The plaintiff asserts a violation of 17 U.S.C. § 106A, which is part of the Visual Artists Rights Act of 1990 ("VARA"). *See Quality King Distribs, Inc. v. L'anza Research Intern., Inc.*, 523 U.S. 135, 149 n.21 (1998) ("Section 106A was passed as part of the Visual Artists Rights Act of 1990 in order to protect the moral rights of certain visual artists."). The plaintiff specifically claims a violation of § 106A(a)(1)(A), which provides, "Subject to section 107 and independent of the exclusive rights provided in section 106, *the author of a work of visual art--* shall have the right--to claim authorship of that work." (emphasis added). Under the "Definitions" section of VARA,

> A "work of visual art" is--
> (1) a painting, drawing, print, or sculpture, existing in a single copy, in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author, or, in the case of a sculpture, in multiple cast, carved, or fabricated sculptures of 200 or fewer that are consecutively numbered by the author and bear the signature or other identifying mark of the author; or
> (2) a still photographic image produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author.
>
> A work of visual art does not include--
> (A)(i) any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture or other audiovisual work, book, magazine, newspaper, periodical, data base, electronic information service, electronic publication, or similar publication;

>       (ii) any merchandising item or advertising, promotional, descriptive, covering, or packaging material or container;
>       (iii) any portion or part of any item described in clause (i) or (ii);
>   (B) any work made for hire; or
>   (C) any work not subject to copyright protection under this title.

17 U.S.C. § 101.

Because the plaintiff's Creative Writing assignment is not a "work of visual art" protected under § 106A, he has failed to state a claim upon which relief may be granted. The instant action must therefore be dismissed.

The Court will enter an order consistent with this memorandum opinion.

Date:




cc:     Plaintiff, *pro se*
        Defendant
4412.005

4